[Civ. No. 3328.   Third Appellate District.—October 21, 1927.]

ROBERT F. SNYDER, Respondent, v. OSCAR REEG, Appellant.

Abe Darlington and Henry S. Lyon for Appellant.

E. Fitzgerald for Respondent.

PLUMMER, J.—Plaintiff had judgment in an action to recover damages to an automobile owned by him, suffered by collision with an automobile owned and driven by the defendant. From this judgment the defendant appeals.

In support of his appeal the appellant alleges that the finding of fact that the plaintiff was traveling at a rate of speed less than fifteen miles per hour is contrary to the evidence, and also that appellant's motion for a new trial should have been granted. The particular findings of fact complained of are not set forth in the appellant's brief. An examination of the record, however, shows findings in substance that the plaintiff was traveling at a speed not in excess of fifteen miles per hour. At the time of the collision referred to the plaintiff was driving westerly on Main Street in the city of Placerville, and the defendant was driving in an easterly direction on the same street. At a point or place on said street where an intersecting street crosses Main Street between two points known as Formi's Corner and the Bell Tower the defendant attempted a left-hand turn, and in so doing came in contact with the automobile then and there being driven by the plaintiff. No personal injuries appear to have been suffered by either of the parties, and the judgment awarded compensation for the damages inflicted upon the plaintiff's automobile. ▪ Before referring to the testimony which to us seems to support the judgment of the trial court, we may dispose of the contention that the defendant gave a proper signal indicating his intention to make a left-hand turn. His testimony is as follows: "I threw my hand out." There is nothing in the record showing that the signal required to be given by the third paragraph of section 130 of the Motor Vehicle Act was given by the defendant. The paragraph to which we have referred reads as follows: "The

signal herein required to be given before turning to the right or left, whether given by the hand and arm or by means of an approved mechanical or electrical device, shall be given continuously during the last 50 feet traveled by the vehicle before turning." The record discloses nothing which would indicate that this provision of the Motor Vehicle Law was complied with by the defendant. The mere extending of one's hand prior to making a turn does not comply with the law. The requirement is that the arm shall be extended during the last fifty feet preceding the turn about to be made. The evident purpose of keeping the arm out is that drivers coming from an opposite direction may have a reasonable time within which to observe the signal being given by an approaching driver. And unless the arm, after being extended, is maintained in that position, the signal required by law is not given. So far as this case is concerned, there is nothing to show that the defendant did not attempt a left-hand turn and come in collision with plaintiff's car without having given the signal required by law.

As to the rate of speed at which plaintiff was driving his car, the record shows the following testimony: Gertrude Springer, a witness called by the plaintiff, testified: "I drive a car. Q. I will ask if you can tell about how fast the plaintiff's car was going down the street? A. Not exactly, but about fifteen miles." On cross-examination: "Q. About how fast would you say the car was going when it passed you? A. About fifteen miles. That is my judgment; it was not going faster. In my estimation it was going exactly fifteen miles." The witness Boccocini, called by the plaintiff, testified: "I was riding with the plaintiff. When we got in front of the courthouse we were driving about fifteen miles an hour. I looked at the speedometer at the courthouse. We did not seem to go any faster after that." Markham Welsh, a witness called by the plaintiff, testified that in his opinion the defendant was under the influence of intoxicating liquor. The plaintiff testified that he was driving around about fifteen miles an hour. Might have been a little more; might have been a little less. At the time of the collision the plaintiff testified that he was going about fifteen miles an hour. There was also testimony in the record to the effect that the plaintiff was driv-

ing somewhat faster than fifteen miles an hour across the intersection where the collision took place, but the foregoing testimony is sufficient to sustain the finding of the court. The finding of the court relative to the speed of the plaintiff was significant on account of the allegation of the appellant that the plaintiff was traveling at an unlawful rate of speed, and therefore was guilty of contributory negligence, barring his right to recovery. The testimony to which we have referred, however, supports the judgment of the trial court and disposes of appellant's first alleged error.

The second ground of alleged error is based upon the refusal of the trial court to grant a new trial. Plaintiff founded his motion upon two affidavits, one by George Besse and one by himself. The setting forth of these affidavits shows their absolute insufficiency. George Besse deposed as follows: ''I am well acquainted with the plaintiff, Robert F. Snyder, and saw him at the Eagle's Dance on the night of the collision between Snyder's automobile and the automobile of Oscar Reeg, and in the opinion of affiant, Robert F. Snyder was under the influence of intoxicating liquor.'' Oscar Reeg made affidavit as follows: ''That he is the defendant in the above entitled action. That he made every diligent effort to secure evidence regarding the intoxication of the plaintiff at the time of the collision, and could not, with reasonable effort, secure the testimony of George Besse at the time of the trial of the issues in the above entitled matter, and respectfully requests the court for a new trial upon the ground of newly discovered evidence.''

Comment as to the insufficiency of the foregoing affidavits to justify the granting of a new trial is unnecessary.

Finding nothing in the record justifying any interference with the conclusions of the trial court, the judgment in this cause is affirmed.

Hart, Acting P. J., and Weyand, J., *pro tem.*, concurred.