[S. F. No. 12767. In Bank.—April 9, 1929.]

ANNA MARY ERNEST KUHLKEN et al., Appellants, v. MARIA MANGINI et al., Respondents.

R. M. F. Soto for Appellants.

Jas. T. O'Keefe, J. A. Kennedy and Raymond Salisbury for Respondents.

RICHARDS, J.—The plaintiffs have appealed from a judgment in favor of the defendants in an action to quiet

title to certain real property described in the complaint, in which action a cross-complaint was filed by the defendant Maria Mangini in her individual capacity and as administratrix of the estate of Luigi Mangini, deceased. Upon the trial of the cause judgment was rendered and entered denying the plaintiffs the relief sought and adjudging that the title to the property be quieted in favor of the defendants upon their cross-complaint. Thereafter the plaintiffs gave notice of intention to move for a new trial upon three grounds, namely, (1) insufficiency of the evidence to justify the decision; (2) that the decision is against law, and (3) errors of law occurring at the trial and excepted to by the plaintiffs. The notice of intention stated that the motion for new trial would be made upon the minutes of the court and that the motion would be called for hearing on May 20, 1927. The cause had been tried and the judgment therein rendered by the Honorable J. D. Murphey, Judge of the Superior Court of Alameda County. Thereafter Judge Murphey was assigned to sit for a season in the District Court of Appeal in and for the Second Appellate District, sitting in the county of Los Angeles, and when the plaintiffs' motion for a new trial came on for hearing on May 20, 1927, Honorable J. J. Trabucco was sitting in the place and stead of Judge Murphey in the Superior Court of the County of Alameda. The motion was continued on the calendar from May 20 to June 3, 1927, on which date Honorable Edward W. Engs, Judge of the Superior Court of the County of Sierra, was sitting in the place and stead of Judge Murphey, and said motion coming on for hearing before him, was again continued to June 10th, and upon that date was again continued until June 24th. Counsel for plaintiffs and defendants were present in court upon each occasion when these several continuances were had, and upon each occasion it was manifest that the motion was in no condition to be heard upon its merits, for the reason that the testimony taken upon the trial of the action had not been written up by the reporter, and that no request had been made by the plaintiffs that it should be so written up or presented to the judge presiding in said court upon each occasion when the motion came on to be heard. Upon several of these occasions the respondents offered in open court to stipulate for the submission of the motion upon briefs to be filed and for the

transmission of such briefs to Judge Murphey, in order that he might act upon said motion. Counsel for the appellants, however, refused to enter into such stipulation, and the matter stood in the foregoing condition when the motion finally came on for hearing on June 24, 1927, when counsel for the respective parties were present and offered to submit the motion without argument to Judge Engs, who was then presiding in said court. In the absence of such argument and of the evidence taken at the trial it is obvious that Judge Engs, who had not presided at the trial, and who was wholly unfamiliar with the evidence taken therein and with the rulings of the trial judge thereon, was utterly unable to act intelligently upon said motion. He therefore made the following order: "Counsel for plaintiffs present said motion and after statement of respective counsel and in the absence of J. D. Murphey, judge who presided at the trial of said action, and owing to the short time left to consider the said motion, the court not being fully advised in the law and premises declines to make a ruling and said motion is ordered dropped." The foregoing was the only order or ruling made upon the motion for a new trial or in any manner disposing of said motion. Three days later, however, the two months' period provided for in section 660 of the Code of Civil Procedure, limiting the power of the court to pass upon motions for new trial, expired, and such motion not having been otherwise determined within said time, the effect thereof under said section amounted to a denial of the motion. After the expiration of said period, and within the time provided by law, the plaintiffs gave notice of appeal from said judgment and also gave notice of an appeal from the order made and entered on June 24, 1927, the substance of which is above set forth. Upon said appeals the plaintiffs caused to be prepared and filed a bill of exceptions, which relates wholly to their motion for a new trial and to the order made and entered therein from which the latter appeal was attempted to be taken, and in which bill of exceptions the facts above stated are substantially set forth.

The brief upon these appeals presented on behalf of the appellants contains no word of attack or criticism upon the integrity of said judgment, but is wholly devoted to the appellants' contention that they have suffered substantial

injury through the order of Judge Engs, declining to take cognizance of the appellants' motion for a new trial for the reasons which are above set forth. There is no merit in the appellants' contention in the foregoing regard. By their own action or nonaction Judge Engs had been rendered unable at the time the said motion came finally before him for hearing to make any intelligent order in the premises, and he therefore properly declined to make said order. The effect of his declination in that regard was simply to leave the matter in a condition wherein section 660 of the Code of Civil Procedure would inevitably become effective in working a denial of the plaintiffs' motion for a new trial in the absence of any further effort on the part of the plaintiffs to prosecute said motion or to provide for its submission upon the merits. They therefore suffered no further or other injury from the making and entry of said order than that which inevitably befell them when, by reason of their own passivity, the two months' period provided in section 660 of the Code of Civil Procedure was permitted to pass without the determination of the motion upon the merits.

The appellants having, upon their appeal from the judgment, presented no reason why the judgment should be reversed or why their motion for a new trial was not properly disposed of on the merits, the judgment and order herein are and each of them is affirmed.

Curtis, J., Langdon, J., Seawell, J., Shenk, J., Preston, J., and Waste, C. J., concurred.