[Civ. No. 8369. First Appellate District, Division One.—June 25, 1932.]

J. P. ANDERSON et al., Plaintiffs and Appellants, v. LUM SHOW, Defendant and Appellant; AUGUST PAUS-BACK, Respondent.

ROBERT L. BROWN, Plaintiff and Appellant, v. LUM SHOW, Defendant and Appellant; AUGUST PAUS-BACK, Respondent.

Norman S. Menifee for Plaintiffs and Appellants.

Ross & Ross for Defendant and Appellant.

Edmund Scott for Respondent.

THE COURT.—The above actions arose from an automobile accident which occurred on November 14, 1930, on the state highway near Belmont, California. Plaintiff Ocie R. Anderson, who is the wife of J. B. Anderson, was driving an automobile south along the highway, and plaintiff Robert L. Brown was a guest therein. The Anderson automobile was preceded by an automobile operated by defendant August Pausback. As the former was about to pass, Pausback turned his car to the left, and the front portion of the Anderson car came in contact therewith. The turn by Pausback was alleged to have been made because of the fact that the right half of the highway was blocked by a truck owned by defendant Lum Show. Each plaintiff filed a complaint against the two defendants named, and the cases were tried together, a verdict being rendered in favor of both defendants. The plaintiff in each case moved for a new trial, and the same was granted as to defendant Lum Show on the ground of the insufficiency of the evidence, but denied as to the defendant Pausback.

Lum Show has appealed from the orders, and plaintiffs from the portions of the judgments in favor of defendant Pausback.

We will first consider the appeals of plaintiffs, who claim that defendant Pausback was guilty of negligence as a matter of law in that he violated the provisions of sections 126 and 130 of the California Vehicle Act by failing to give a timely signal of his intention to turn, and that he turned

his car to the left without first ascertaining that such movement could be made in safety.

It has been held that such omissions may constitute negligence. (*Litherbury* v. *Kimmet,* 183 Cal. 24 [195 Pac. 660]; *Snyder* v. *Reeg,* 86 Cal. App. 231 [260 Pac. 600].) The act provided that the signal required before turning should be given continuously during the last fifty feet traveled by the vehicle. It is claimed that Pausback's testimony shows that he did not give the signal before turning or give the same continuously as required by the statute. From his testimony it appears that he saw the truck 200 feet away, commenced to turn when 75 feet distant, gave the signal before commencing to turn, and that the same was continuous until he was struck by the Anderson car. This testimony was sufficient to support a finding that he was not negligent in the particulars alleged, and the judgment in his favor for that reason cannot be disturbed. (2 Cal. Jur., Appeal and Error, sec. 542, p. 918.)

 As to the appeal by defendant Lum Show it was testified that his truck blocked approximately half of the west passing lane and was facing at right angles to the highway; further, that there were no lights burning on the truck. This testimony, if believed by the jury, would have been sufficient, other things being equal, to support a finding of negligence as against said defendant. (*Sawdey* v. *Producers' Milk Co.,* 107 Cal. App. 467 [290 Pac. 684].) It might be inferred from their verdict that the jury believed other and conflicting testimony in this regard, or that plaintiff Anderson was guilty of contributory negligence; but whatever may have been the conclusion of the jury the rule is well settled that a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict is addressed to the sound discretion of the trial court, and its order may not be disturbed on appeal unless there is a manifest abuse of such discretion. The trial court is not bound by the rule as to conflicting evidence (*Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660]), and it may grant a new trial if it is satisfied that the verdict is not supported by or is contrary to the weight of the evidence (*Gordon* v. *Roberts,* 162 Cal. 506 [123 Pac. 288]), since in passing upon the motion it must weigh and consider the evidence of both parties and determine for itself what con-

clusion should be drawn therefrom (*Green* v. *Soule,* 145 Cal. 96 [78 Pac. 337]; *City of San Diego* v. *Cuyamaca Water Co.,* 209 Cal. 152 [287 Pac. 496]); and this is true although the appellate court may differ in opinion from the trial court as to the weight of the evidence. (*Wurzburger* v. *Nellis,* 165 Cal. 48 [130 Pac. 1052].) The record discloses no abuse of discretion in the present case.

For the above reasons the orders and the portions of the judgments appealed from are affirmed.