[Civ. No. 1042. Fourth Appellate District.—July 13, 1933.]

J. M. ROW et al., Appellants, v. JOHN BIEHL et al., Respondents.

J. W. ROW, Appellant, v. JOHN BIEHL et al., Respondents.

Jesse George for Appellants.

Irving E. Read, Wright & McKee and C. M. Monroe for Respondents.

TURRENTINE, J., *pro tem.*—These actions arise out of a collision between a motorcycle driven by plaintiff J. W. Row and an automobile driven by defendant John Biehl. Just prior to the collision Biehl was driving east and J. W. Row was driving west on A Street, in San Diego. While Biehl was making a left turn on to Granada Avenue, proceeding north, Row ran into the right-hand side of the automobile, striking about the center of the rear door of the car. Action was brought by Row (a minor) for damages for injuries sustained by him in the accident and action was likewise brought by his parents, J. M. Row and Mattie Row, for expenses incurred. The causes were consolidated for trial and were tried before a jury and before a judge from another county, which returned verdicts in favor of plaintiffs and against the defendants.

Notices of intention to move for a new trial were filed on behalf of both defendants in both cases, which motions were made upon the grounds of insufficiency of the evidence to sustain the verdicts and errors of law, as well as other statutory grounds. These motions came on for hearing within thirty days after entry of judgments on the verdicts before a judge other than the one who presided at the trial, for the reason that the judge who presided at the trial was absent from the county where the trial was had. At that time the testimony taken at the trial had not been transcribed, but counsel for plaintiffs and defendants submitted the case on oral statements of the evidence produced at the trial, the exhibits which had been received in evidence and the arguments made. No objection was made by plaintiffs' counsel to hearing the motions before

a different judge, nor was any objection made to the manner in which they were heard. No request was made by the court or either party to the reporter to attend the hearing and to read his notes or any part thereof. Upon the submission of the motions for new trial the court made its order in each of said cases "that a new trial of the above-entitled action should be granted upon the ground and for the reason that the evidence introduced upon the trial of the above-entitled cause was insufficient to sustain the verdict of the jury. It is therefore ordered and adjudged that said motion be and the same is hereby granted and a new trial of the above-entitled causes ordered." From the orders granting the new trials the plaintiffs appeal.

The judge who heard the motions had jurisdiction and power to pass upon the motions for new trial (Code Civ. Proc., sec. 661).

Appellants concede that a judge who did not try the case may hear and determine the motion for new trial without a written transcript of the evidence where the facts necessary to be considered are undisputed and conceded by counsel for both sides. The point raised is whether or not such judge can hear and determine such motion in the absence of a written transcript of the evidence where counsel for both sides do not agree upon all the facts presented in the trial of the case. The trial court has power and it is its duty to hear and determine a motion for new trial. Its duty and power on such a proceeding after a verdict of a jury has been returned is correctly stated as follows:

"Whatever may have been the conclusion of the jury, the rule is well settled that a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict is addressed to the sound discretion of the trial court, and its order may not be disturbed on appeal unless there is a manifest abuse of such discretion." (*Anderson* v. *Lum Show*, 124 Cal. App. 490, 492 [12 Pac. (2d) 1045, 1047].)

"Of course the judge should give due respect to the verdict of the jury, and may sometimes properly deny a new trial in cases where, if submitted to him without a jury he might upon the evidence have made a different decision. He must be clearly satisfied that the verdict is wrong; otherwise he should let it stand. But in considering the

question upon the motion he must act upon his own judgment as to the effect of the evidence. The parties are entitled to the judgment of the jury in rendering a verdict in the first instance; but upon a motion for a new trial they are equally entitled to the independent judgment of the judge as to whether such verdict is supported by the evidence." (*Green* v. *Soule,* 145 Cal. 96, 103 [73 Pac. 337, 340].)

The record discloses that the judge who passed upon the motions for new trial had before him the undisputed physical facts of the accident and of the intersection where the accident occurred, and sufficient undisputed evidence from which he reasonably could have held that contributory negligence as a fact was established by the greater weight of the evidence. With this before him, there is therefore no showing of a "manifest abuse of discretion" because a written transcript of the evidence was not before the court.

Another complete answer to appellants' contention is that they waived the right to object to the proceedings on account of the lack of the written transcript of the evidence. Section 660 of the Code of Civil Procedure provides:

"Hearing of motion for new trial, reference to pleadings, etc. On the hearing of such motion, reference may be had in all cases to the pleadings and orders of the court on file, and when the motion is made on the minutes, reference may also be had to any depositions and documentary evidence offered at the trial and to the report of the proceedings on the trial taken by the phonographic reporter, or to any certified transcript of such report or if there be no such report or certified transcript, to such proceedings occurring at the trial as are within the recollection of the judge; when the proceedings at the trial have been phonographically reported, but the reporter's notes have not been transcribed, the reporter must upon request of the court or either party, attend the hearing of the motion and shall read his notes, or such parts thereof as the court, or either party, may require."

We thus see that said code section provides "when the proceedings at the trial have been phonographically reported, but the reporter's notes have not been transcribed, the reporter must upon request of the court *or either party* attend the hearing of the motion and shall read his notes,

or such parts thereof as the court, *or either party* may require". It does affirmatively appear from the record that neither the court nor the appellants requested the reporter to attend the hearing of the motion or to read his notes or any part thereof. In view of this provision of the code it must be held that a party who does not make such request waives the right to object to the proceedings on the grounds that no written transcript of the evidence was presented at the time of making the motions for new trial, whether or not the parties admit and concede all the evidence that was produced at the trial of the case.

The record discloses no abuse of discretion in the present case. Inasmuch as we must sustain the order granting new trials it is unnecessary to pass upon the other points urged by the parties, as we have full confidence that they will be properly disposed of by the trial court.

The orders appealed from are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 11, 1933.