[Civ. No. 4711.   Fourth Dist.   Nov. 19, 1953.]

JESUS MENDOZA, Respondent, v. JOHN ENRICO et al., Appellants.

Spray, Gould & Bowers and Robert E. Ford for Appellants.

Jerome Weber for Respondent.

GRIFFIN, J.—This action was for damages for claimed personal injuries to plaintiff resulting in a jury verdict for defendants. It was tried by Judge Mitchell. The motion for new trial was heard by Judge Deirup and was granted on the ground of insufficiency of the evidence. No transcript of the testimony at the trial was furnished him. Apparently neither counsel for plaintiff nor for defendant knew of Judge Mitchell's absence from the county until the motion came on for hearing. Counsel for defendants who tried the case died prior to the hearing of the motion.

At the hearing it was stipulated by respective counsel that the assigned judge was duly requested and authorized to act in said court; that he had all the powers given by section 5, article VI of the California Constitution; and that the trial judge was absent from the county and could not hear the motion.

Counsel for plaintiff then asked the court if he might briefly review the facts as presented to the trial court in the light most favorable to the defendants. A map was used in demonstrating what the several witnesses testified to in respect to the collision and resulting injuries. He stated that defendants' car struck a truck in which plaintiff was riding as a passenger. Plaintiff was seated on some boxes in the rear of the truck and defendants' car ran into the back end of the truck while attempting to pass it when both were going in the same direction. Plaintiff was thrown out and sustained injuries.

Defendant Mrs. Enrico's testimony was that at approximately 200 feet from the intersection she decided to pass the truck, started to turn out, and that the truck driver, without any signal, crossed over the center line and the accident happened. Counsel for plaintiff stated that at the trial Mrs. Enrico said she remembered nothing; that she made a very

poor witness; and that her story was impossible because the accident could not have happened in the manner she indicated.

Counsel for plaintiff further stated that defendants' car "laid down heavy skid marks for 144 feet"; that the driver thereof struck the truck and defendants' car traveled about 30 feet more before it came to a stop; that the police cited her for speeding and passing a car within 100 feet of an intersection, and that she pleaded guilty to both charges.

Some testimony was placed before the jury in reference to insurance and workmen's compensation liability insurance payments about which plaintiff's counsel objects. It is further claimed that the trial court erred in giving certain instructions. There is indication that the jury was confused as to the result of its verdict when it retired from the jury box. It was conceded that plaintiff was not charged with any contributory negligence on his part. The truck driver was not made a party defendant.

No objection was made at the hearing about the assigned judge deciding the motion at the time indicated upon representations made by the respective counsel as to what the evidence of the respective parties showed, and no request was made at that time for a continuance so that the reporter might attend or read his notes or any part thereof under section 660 of the Code of Civil Procedure.

Counsel for defendants then stated that he was somewhat in the same position of the assigned judge in arguing the facts on the motion. He claimed that the truck driver pleaded guilty to operating without a driver's license, and making an illegal left-hand turn. He referred to the diagram in evidence and stated he had reviewed his file in respect to the evidence and that he had a partial transcript of the evidence pertaining to the cross-examination of plaintiff; that although he was not present at the trial "I have had the advantage as Your Honor has in reviewing the trial, reviewing my file on it . . ."; that moving pictures were taken of plaintiff by defendants in reference to his claimed disability in performing his labors, and that he was "going to submit it on that basis." Thereafter the motion was granted.

On this appeal, defendants' counsel states that the question to be determined is "Can a trial judge, other than the one who presided at a trial, not having heard any of the evidence or any transcription thereof, grant a motion for new trial on the ground that the evidence was not sufficient to justify the verdict of the jury?" In support of his negative

claim he cites section 661 of the Code of Civil Procedure; *Francis* v. *Superior Court,* 3 Cal.2d 19, 28 [43 P.2d 300]; and *Kuhlken* v. *Mangini,* 207 Cal. 44 [276 P. 577].

The cases relied upon by defendants are factually dissimilar. It is true that section 661, *supra,* requires that a motion for new trial shall be made before the judge who presided at the trial, if such judge is available; that the motion be heard and determined whenever practicable by the judge who heard the evidence at the trial of the case, and who was therefore best prepared and qualified to pass on the merits of the motion. However, section 661 also provides the method for the hearing of such a motion by another judge if the trial judge is absent from the county and does not return to hear it. ▮ The judge here assigned who heard the motion had jurisdiction and power to pass upon it. (*Frazure* v. *Fitzpatrick,* 21 Cal. 2d 851 [136 P.2d 566]; *Sweeley* v. *Leake,* 87 Cal.App.2d 636, 640 [197 P.2d 401].) ▮ In considering such a motion, it is not only the court's province but it is its duty to scrutinize and review the evidence and if in its opinion the facts upon which the decision of the jury is based are insufficient to justify the decision or if it believes that the weight of the evidence is against the decision, a new trial should be granted, even though the inferences it may draw are opposed to those drawn by the jury. (*Ogando* v. *Carquinez Grammar School Dist.,* 24 Cal.App.2d 567, 569 [75 P.2d 641].)

▮ The case of *Row* v. *Biehl,* 133 Cal.App. 263 [24 P.2d 186], decided by this court [hearing denied by the Supreme Court] is directly in point. We there held that where the record on appeal discloses that the judge who passed upon defendant's motion for new trial had before him the undisputed physical facts of the accident and of the intersection where the accident occurred, and sufficient undisputed evidence from which he reasonably could have held that contributory negligence as a fact was established by the greater weight of the evidence, a manifest abuse of discretion was not shown by the fact that the judge did not have before him a written transcript of the testimony, and that where plaintiffs did not request the reporter to attend the hearing of the motion for a new trial or to read his notes or any part thereof, they waived the right to object to the proceedings on the ground that no written transcript of the evidence was presented at the time of making the motion for new trial.

▮▮ The presumption is in favor of an order granting a new trial and against the judgment, and when a new trial is

granted on the ground of insufficiency of the evidence, an appellate court will not interfere with the order in the absence of a showing of a manifest or unmistakable abuse of discretion. The judge hearing the motion in the instant case stands in the shoes of the former judge and has the same power and is charged with the same duty as the former judge would have, if the motion had come before him. (*Sweeley* v. *Leake*, 87 Cal.App.2d 636 [197 P.2d 401].) No abuse of discretion in granting the motion is here indicated.

Order granting a new trial affirmed.

Barnard, P. J., and Mussell, J., concurred.